**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CARL DEAN SUTTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 11-CV-259-GKF-FHM |
| ) | |
| JAMES RUDEK, Warden, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court is Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 5). Petitioner, a state inmate appearing *pro se*, filed a response to the motion to dismiss (Dkt. # 7). Respondent's motion is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition is timely filed and Respondent's motion to dismiss shall be denied.

*BACKGROUND*

The record reflects that at the conclusion of a jury trial held in Tulsa County District Court, Case No. CF-2007-4817, Petitioner Carl Dean Sutton was convicted of Robbery With a Firearm, After Former Conviction of Two or More Felonies. See Dkt. # 6, Ex. 1. On May 1, 2008, he was sentenced to twenty-five (25) years imprisonment. See id. Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"). In an unpublished summary opinion, filed August 12, 2009, in Case No. F-2008-467, the OCCA affirmed the Judgment and Sentence of the trial court. See Dkt. # 6, Ex. 2. Petitioner states in his petition that he did not file a petition for writ of certiorari in the United States Supreme Court. See Dkt. # 1 at 2.

On August 17, 2010, Petitioner filed an application for post-conviction relief. See Dkt. # 6, Ex. 3. By order filed September 16, 2010, the state district court denied post-conviction relief. See Dkt. # 6, Ex. 4. Petitioner appealed and by order filed January 27, 2011, in Case No. PC-2010-999, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 6, Ex. 5.

On April 29, 2011, the Clerk of Court received for filing Petitioner's petition for writ of habeas corpus (Dkt. # 1). Petitioner avers, under penalty of perjury, that he placed his petition in the prison mailing system on April 25, 2011. Thus, under the prisoner mailbox rule, the earliest file date for this petition is April 25, 2011. See Houston v. Lack, 487 U.S. 266 (1988). Respondent argues that consideration of Petitioner's claims is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. #s 5, 6.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent argues that, under § 2244(d)(1)(A), the one-year limitations period began to run on November 10, 2009, or ninety days after the conclusion of Petitioner's direct appeal. Respondent concedes that Petitioner is entitled to tolling under § 2244(d)(2) for the time the proceedings on the application for post-conviction relief, filed on August 17, 2010, were pending in state court. Respondent contends that the federal petition for writ of habeas corpus, received for filing by the Clerk of Court on April 29, 2011, is untimely and must be dismissed.

The Court disagrees with Respondent and finds that the petition was timely filed. Under § 2244(d)(1)(D), Petitioner's conviction became final on November 10, 2009, after the OCCA concluded direct review on August 12, 2009, and the 90 day time period for filing a petition for writ of certiorari in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on November 11, 2009, see Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011), and he had one year, or until November 12, 2010,[1] to file a timely petition for writ of habeas corpus. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

On August 17, 2010, or prior to expiration of the limitations period, Petitioner filed his application for post-conviction relief. The OCCA affirmed the district court's denial of post-conviction relief on January 27, 2011. Therefore, the running of Petitioner's one-year limitations clock was tolled, or suspended, from August 17, 2010, when Petitioner filed the application, until

---

[1] The one-year deadline fell on November 11, 2010. That day was Veterans' Day, a holiday. Therefore, Petitioner's habeas deadline was extended to the next business day, November 12, 2010. See Fed. R. Civ. P. 6(a)(3)(B), (a)(6)(A).

3

January 27, 2011, when the OCCA affirmed the denial of post-conviction relief, for a total of 163 days. As a result, Petitioner's deadline for filing a federal petition for writ of habeas corpus was April 24, 2011, or 163 days beyond November 12, 2010. April 24, 2011, fell on a Sunday. Therefore, Petitioner had until Monday, April 25, 2011, to file a timely petition. In the brief in support of the motion to dismiss, Respondent concedes that Petitioner placed his petition in the prison mailing system on April 25, 2011. See Dkt. # 6, at 5. Under the prisoner mailbox rule, Petitioner filed his habeas petition on April 25, 2011, the last day of the limitations period. See Hall v. Scott, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002) (citing Houston v. Lack, 487 U.S. 266, 276 (1988)). The Court concludes that the petition was timely filed and Respondent's motion to dismiss this petition as time-barred shall be denied. Respondent shall be directed to respond to the petition.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as barred by the statute of limitations (Dkt. # 5) is **denied**.
2. Respondent shall file a **response** to the petition (Dkt. # 1) within thirty (30) days of the entry of this Order.
3. Petitioner may file a **reply** within thirty (30) days after the filing of Respondent's response.

DATED THIS 27th day of January, 2012.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma